UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

TAWFEEQ J. ABU IRQEBA,   )
                         )
    Plaintiff,           )
                         )
    vs.                  )   Case No. 4:10CV1592 HEA
                         )
CAROLYN W. COLVIN,[1]    )
Acting Commissioner of Social Security,  )
                         )
    Defendant.           )

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff's request for judicial review under 28 U.S.C. § 405(g) of the final decision of Defendant denying Plaintiff's applications for Disability Insurance Benefits (DIB) under Title II of the Social Security Act, 42 U.S.C. §§ 401, *et seq,* and his application for supplemental security income (SSI) under Title XVI of the Act, 42 U.S.C. § 1381, *et seq.*  For the reasons set forth below, the Court will affirm the Commissioner's denial of Plaintiff's applications.

### Facts and Background

Plaintiff was 48 years old at the time of the hearing. Plaintiff was born in

---

[1] Carolyn W. Colvin became the Acting Commissioner of Social Security on February 14, 2013. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Carolyn W. Colvin should be substituted for Michael J. Astrue as the Defendant in this suit. No further action needs to be taken to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

Iraq where he completed high school and some post secondary schooling. He had worked as a teacher in Iraq. In 1993, Plaintiff moved to the United States. He has some English knowledge, although he is not entirely fluent. Plaintiff worked at several jobs from 1993 through February 28, 2006. Plaintiff made paper flowers, worked as a cook and dishwasher at various places. The ALJ found Plaintiff had the severe impairments of: degenerative joint disease of the right foot, minimal osteoarthritis changes of the right knee, bilateral trigger thumbs, and probable irritable bowel syndrome, bronchial asthma and hypothyroidism controlled by medication. At the May 4, 2009 hearing[2], Plaintiff testified that he is married and has two dependent children. Plaintiff testified that he relies on his brother and a 21 year old son for some financial support. He no longer works. Plaintiff testified that he cannot stand more than five minutes, walk more than a block at a time, bend much at the waist or climb more than five steps without pausing because of leg pain and asthma. Plaintiff was shot in the right leg and foot during the war in Iraq. He testified he has persistent joint pain in his lower right extremity.

Plaintiff's application for social security and supplemental security income benefits under Titles II, 42 U.S.C. §§ 401, *et seq*. And XVI of the Act, 42 U.S.C. § 1381, *et seq* was denied on January 15, 2008. On October 26, 2009, the ALJ

---

[2] A hearing was held on November 15, 2008 wherein the ALJ determined that Plaintiff should be examined and his medical records should be reviewed.

issued an unfavorable decision. On June 24, 2010, the Appeals Council denied Plaintiff's request for review of the ALJ's decision. Thus, the decision of the ALJ stands as the final decision of the Commissioner.

## Standard For Determining Disability

The Social Security Act defines as disabled a person who is "unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 1382c(a)(3)(A); see also *Hurd v. Astrue*, 621 F.3d 734, 738 (8th Cir.2010). The impairment must be "of such severity that [the claimant] is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work." 42 U.S.C. § 1382c(a)(3)(B).

A five-step regulatory framework is used to determine whether an individual claimant qualifies for disability benefits. 20 C.F.R. §§ 404.1520(a), 416.920(a); see also *McCoy v. Astrue*, 648 F.3d 605, 611 (8th Cir.2011) (discussing the five-step process). At Step One, the ALJ determines whether the

claimant is currently engaging in "substantial gainful activity"; if so, then he is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(I), 416.920(a)(4)(I); *McCoy*, 648 F.3d at 611. At Step Two, the ALJ determines whether the claimant has a severe impairment, which is "any impairment or combination of impairments which significantly limits [the claimant's] physical or mental ability to do basic work activities"; if the claimant does not have a severe impairment, he is not disabled. 20 C.F.R. §§ 404.1520(a) (4)(ii), 404.1520(c), 416.920(a)(4)(ii), 416.920(c); *McCoy*, 648 F.3d at 611. At Step Three, the ALJ evaluates whether the claimant's impairment meets or equals one of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 (the "listings"). 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii). If the claimant has such an impairment, the Commissioner will find the claimant disabled; if not, the ALJ proceeds with the rest of the five-step process. 20 C.F.R. §§ 404.1520(d), 416.920(d); *McCoy*, 648 F.3d at 611.

Prior to Step Four, the ALJ must assess the claimant's "residual functional capacity" ("RFC"), which is "the most a claimant can do despite [his] limitations." *Moore v. Astrue*, 572 F.3d 520, 523 (8th Cir.2009) (citing 20 C.F.R. § 404.1545 (a) (1)); see also 20 C.F.R. §§ 404.1520(e), 416.920(e). At Step Four, the ALJ determines whether the claimant can return to his past relevant work, by comparing the claimant's RFC with the physical and mental demands of the

claimant's past relevant work. 20 C.F.R. §§ 404.1520(a)(4)(iv), 404.1520(f), 416.920(a)(4)(iv), 416.920(f); *McCoy*, 648 F.3d at 611. If the claimant can perform his past relevant work, he is not disabled; if the claimant cannot, the analysis proceeds to the next step. *Id.*. At Step Five, the ALJ considers the claimant's RFC, age, education, and work experience to determine whether the claimant can make an adjustment to other work in the national economy; if the claimant cannot make an adjustment to other work, the claimant will be found disabled. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v); *McCoy*, 648 F.3d at 611.

Through Step Four, the burden remains with the claimant to prove that he is disabled. *Moore*, 572 F.3d at 523. At Step Five, the burden shifts to the Commissioner to establish that the claimant maintains the RFC to perform a significant number of jobs within the national economy. *Id.*; *Brock v. Astrue*, 674 F.3d 1062, 1064 (8th Cir.2012).

## ALJ's Decision

Applying the foregoing five-step analysis, the ALJ in this case determined at Step One that Plaintiff had not engaged in substantial gainful activity since February 28, 2006, the alleged onset date. At Step Two, the ALJ found that Plaintiff had the following severe impairments: degenerative joint disease of the

right foot, minimal osteoarthritis changes of the right knee, bilateral trigger thumbs, and probable irritable bowel syndrome, bronchial asthma and hypothyroidism controlled by medication.

At Step Three, the ALJ found that Plaintiff does not have an impairment or combination of impairments that meets or medically equals one of the impairments in Appendix 1, Subpart P, Regulations No. 4.

Prior to Step Four, the ALJ found that Plaintiff had the residual functional capacity to lift or carry 20 pounds frequently or more than 50 pounds occasionally, stand one hour, walk 30 minutes and sit 8 hours at a time, stand 4 hours, walk one hour and sit 8 hours out of an 8 hour work day. Plaintiff was determined to be able to occasionally perform operations with his right foot, occasionally climb and was unable to work more than occasionally at unprotected heights or around dangerous moving machinery, or around dust, fumes, chemicals, temperature extremes, high humidity or dampness, or other typical allergens, pollutants, and atmospheric irritants, pursuant to 20 CFR 404.1545 and 416.945. The ALJ determined that Plaintiff could perform sedentary work with the listed limitations.

At Step Four, the ALJ determined that Plaintiff was incapable of performing his past relevant work, and that his past relevant work skills were not transferable.

At Step Five, the ALJ determined that there are jobs that exist in significant

numbers in the national economy that Plaintiff can perform.  The ALJ therefore determined that Plaintiff had not been under a disability from the onset date through the date of the decision.

## Standard For Judicial Review

The Court's role in reviewing the Commissioner's decision is to determine whether the decision "'complies with the relevant legal requirements and is supported by substantial evidence in the record as a whole.'" *Pate–Fires v. Astrue*, 564 F.3d 935, 942 (8th Cir.2009) (quoting *Ford v. Astrue*, 518 F.3d 979, 981 (8th Cir.2008)). "Substantial evidence is 'less than preponderance, but enough that a reasonable mind might accept it as adequate to support a conclusion.'" *Renstrom v. Astrue*, 680 F.3d 1057, 1063 (8th Cir.2012) (quoting *Moore v. Astrue*, 572 F.3d 520, 522 (8th Cir.2009)).  In determining whether substantial evidence supports the Commissioner's decision, the Court considers both evidence that supports that decision and evidence that detracts from that decision.  *Id.*  However, the court "'do[es] not reweigh the evidence presented to the ALJ, and [it] defer[s] to the ALJ's determinations regarding the credibility of testimony, as long as those determinations are supported by good reasons and substantial evidence.'" *Id.* (quoting *Gonzales v. Barnhart*, 465 F.3d 890, 894 (8th Cir.2006)). "If, after reviewing the record, the court finds it is possible to draw two inconsistent

positions from the evidence and one of those positions represents the ALJ's findings, the court must affirm the ALJ's decision.'" *Partee v. Astrue*, 638 F.3d 860, 863 (8th Cir.2011) (quoting *Goff v. Barnhart*, 421 F.3d 785, 789 (8th Cir.2005)). The Court should disturb the administrative decision only if it falls outside the available "zone of choice" of conclusions that a reasonable fact finder could have reached. *Hacker v. Barnhart*, 459 F.3d 934, 936 (8th Cir.2006).

## Discussion

In his appeal of the Commissioner's decision, Plaintiff makes the following arguments: (1) the ALJ erred in determining RFC because the ALJ made inconsistent findings regarding Plaintiff's standing/walking limitations, improperly analyzed certain medical evidence and made improper assumptions about certain impairments; (2) the ALJ violated the duty to develop a full and fair record by failing to order appropriate consultative examinations regarding Plaintiff's thumb conditions and possible mental issues; (3) the ALJ erred regarding Plaintiff's credibility because the ALJ failed to make a sufficiently specific finding regarding Plaintiff's statements regarding the severity, persistence and limiting effects of his symptoms, and in failing to address the credibility factors established by the applicable cases; (4) the ALJ erred in determining the level of Plaintiff's comprehension of English in light of numerous apparent

difficulties in the hearing transcript regarding such comprehension.

**RFC Determination**

A claimant's RFC is the most an individual can do despite the combined effects of all of his or her credible limitations. *See* 20 C.F.R. § 404.1545. An ALJ's RFC finding is based on all of the record evidence, including the claimant's testimony regarding symptoms and limitations, the claimant's medical treatment records, and the medical opinion evidence. *See Wildman v. Astrue,* 596 F.3d 959, 969 (8th Cir.2010); *see also* 20 C.F.R. § 404.1545; Social Security Ruling (SSR) 96–8p. An ALJ may discredit a claimant's subjective allegations of disabling symptoms to the extent they are inconsistent with the overall record as a whole, including: the objective medical evidence and medical opinion evidence; the claimant's daily activities; the duration, frequency, and intensity of pain; dosage, effectiveness, and side effects of medications and medical treatment; and the claimant's self-imposed restrictions. *See Polaski v. Heckler,* 739 F.2d 1320, 1322 (8th Cir.1984); 20 C.F.R. § 404.1529; SSR 96–7p.

Here, the ALJ considered Plaintiffs impairments and did determine that they reduced his ability to stand, walk and climb stairs. Thus, the ALJ determined that Plaintiff could only perform sedentary work, with certain limitations, *i.e.*, he should only lift 50 pounds occasionally and 20 pounds frequently; he should stand

only four hours and walk thirty minutes in an 8 hour work day. Plaintiff's argument that the ALJ's determination contained contradictions is without merit. The ALJ found that Plaintiff could only stand for one hour at a time, but he could stand a total of 4 hours in an 8 hour work day. The ALJ's determination that Plaintiff should not perform prolonged standing or walking is consistent with his determination that Plaintiff is capable of walking for a *total* of 4 hours and 30 minutes per work day.

Likewise, Plaintiff's argument that the ALJ discounted positive findings specifically those involving the right foot is unsupported by the record. Plaintiff's medical records establish that the treatment of his right foot entailed conservative treatment such as topical anesthetic and an orthotic shoe; measures which are indicative of mild conditions as opposed to severe, chronic pain in Plaintiff's right foot.

With respect to Plaintiff's argument that the ALJ failed to consider non-exertional limitations based on his sadness and fatigue, as Defendant correctly argues, Plaintiff did not assert any mental impairments in his application, in the hearing, and there are no medical records which evidence any mental impairments. The ALJ's exclusion of these non-exertional impairments was entirely appropriate.

**Duty to Develop Record**

An ALJ has a duty to develop the record fully and fairly. *Cox v. Astrue*, 495 F.3d 614, 618 (8th Cir.2007); *Sneed v. Barnhart*, 360 F.3d 834, 838 (8th Cir.2004). Because an administrative hearing is a non-adversarial proceeding, the ALJ must develop the record fully and fairly in order that " 'deserving claimants who apply for benefits receive justice.' " *Wilcutts v. Apfel*, 143 F.3d 1134, 11387 (8th Cir.1998). "There is no bright line rule indicating when the Commissioner has or has not adequately developed the record; rather, such an assessment is made on a case-by-case basis." *Mouser v. Astrue*, 545 F.3d 634, 639 (8th Cir.2008) (citation omitted).

An ALJ may order medical examinations and tests when the medical records presented to him or her constitute insufficient medical evidence to determine whether the claimant is disabled. *Barrett v.. Shalala*, 38 F.3d 1019, 1023 (8th Cir.1994) (citation omitted); see also 20 C.F.R. § 404.1519a(a)(1); 20 C.F.R. § 404.1519a(b); 20 C.F.R. §§ 404.1527(f)(2)(iii) and 416.927(f)(2)(iii).

Under the Act, Plaintiff has the burden of proving disability. *Snead*, 360 F.3d at 836; see also 20 C.F.R. §§ 404.1512(a), 416.912(a). In addition, the regulations clearly state that Plaintiff has the responsibility for providing medical evidence: "You must provide medical evidence showing that you have an

impairment and how severe it is during the time you say that you are disabled." 20 C.F.R. § 404.1512.  An ALJ has a basic obligation to determine the facts relevant to his decision and to learn a claimant's own version of the facts.  See *Heckler v. Campbell*, 461 U.S. 458, 471 (1983) (Brennan, J., concurring); *Dixon v. Heckler*, 811 F.2d 506, 510 (10th Cir.1987).  However, the ALJ's duty to develop the record does not require him to act as the claimant's advocate.  See *Battles v. Shalala*, 36 F.3d 43, 45 (8th Cir.1994).

The ALJ thoroughly reviewed Plaintiff's medical records.  Plaintiff made no claim of mental impairment.  The ALJ is not obliged to investigate claims which have not been presented as a basis of Plaintiff's claim of disability.  *Mouser*, 545 F.3d at 639.

Plaintiff also argues that the ALJ should have ordered testing with regard to Plaintiff's thumbs.  As the Commissioner correctly notes, Dr. Park noted no significant impairment to Plaintiff's hands.  Dr. Park's examination report show that Plaintiff raised a thumb pain complaint, but no range of motion limitations were observed.  Furthermore, Plaintiff failed to contact Dr. DeBartolo per instructions after the injections he received.

Given the evidence in the record, and this Court's deference to the ALJ in deciding whether the record is fully developed, the Court finds that the ALJ did

not err by not sending Plaintiff for a psychological evaluation. The ALJ met his basic duty to fully and fairly develop the record as to the material issues and properly evaluated the record as a whole in finding Plaintiff not disabled.

> Ultimately, the claimant bears the burden of proving disability and providing medical evidence as to the existence and severity of an impairment. Snead, 360 F.3d at 836; 20 C.F.R. § 404.1512. Past this point, "an ALJ is permitted to issue a decision without obtaining additional medical evidence so long as other evidence in the record provides a sufficient basis for the ALJ's decision." *Naber v. Shalala*, 22 F.3d 186, 189 (8th Cir.1994).

*Kamann v. Colvin*, 721 F.3d 945, 950 (8th Cir. 2013).

**Plaintiff's Credibility**

When analyzing a claimant's subjective complaints of pain, the ALJ must consider the five factors from *Polaski v. Heckler*: (1) the claimant's daily activities; (2) the duration, frequency, and intensity of the pain; (3) precipitating and aggravating factors; (4) dosage, effectiveness and side effects of medication; and (5) functional restrictions. See 739 F.2d 1320, 1322 (8th Cir.1984); see also 20 C.F.R. §§ 404.1529, 416.929. "The ALJ [is] not required to discuss methodically each *Polaski* consideration, so long as he acknowledge[s] and examine[s] those considerations before discounting [the claimant's] subjective complaints." *Lowe v. Apfel*, 226 F.3d 969, 972 (8th Cir.2000). "Because the ALJ [is] in a better position to evaluate credibility, we defer to his credibility

determinations as long as they [are] supported by good reasons and substantial evidence." *Cox v. Barnhart*, 471 F.3d 902, 907 (8th Cir.2006).

As the Commissioner correctly argues, the ALJ articulated the inconsistencies on which he relied in discrediting Plaintiff's subjective complaints. The objective medical evidence vs. Plaintiff's allegations; the infrequency of treatment; Plaintiff's statements to his physicians that treatments were successful (gastrointestinal distress); 10 month gap in medical treatment from late December 2007 to November 2008; no further record of treatment after consulting with Dr. Karges to obtain orthotic shoes in December 2007; no recommendations from any medical provider for surgery, physical therapy or a pain management clinic; no inpatient hospitalizations.

Plaintiff's medical records do not support Plaintiff's claims. MRI and x-ray examinations fail to reveal any significant abnormalities with Plaintiff's right leg or thumbs. None of Plaintiff's physicians ever placed any long term restrictions on Plaintiff, and Plaintiff did not require the use of assistive devises. The record supports the finding that Plaintiff's complaints were not entirely credible.

The Court finds that the ALJ's determination was based on substantial evidence on the record and properly included only Plaintiff's credible limitations. *See Wildman,* 596 F.3d at 966.

**ALJ erred in determining the level of Plaintiff's comprehension of English in light of numerous apparent difficulties in the hearing transcript regarding such comprehension**

Plaintiff asserts that his testimony establishes that he was not able to effectively communicate with the interpreter, and that the ALJ failed to sufficiently discuss such problems or conduct a sufficiently thorough analysis of Plaintiff's comprehension of English.  The Court has reviewed the entirety of the transcripts of the hearings and finds this basis for reversal completely unfounded,baseless, and without merit.  Plaintiff was able to articulate his complaints and understand the questions posed throughout the entirety.  Difficulty with certain words and clarification of them do not equate with incomprehension.

## Conclusion

After careful examination of the record, the Court finds the Commissioner's determination is supported by substantial evidence on the record as a whole, and therefore, the decision will be affirmed.

Accordingly,

**IT IS HEREBY ORDERED** that the decision of the Commissioner of Social Security is affirmed.

A separate judgment in accordance with this Opinion, Memorandum and

Order is entered this same date.

      Dated this 8th day of November, 2013.

                                        _____
                                          **HENRY EDWARD AUTREY**
                                **UNITED STATES DISTRICT JUDGE**